# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>M. FIORELLA, *et al.*,<br><br>        Defendants. | Case No.  1:23-cv-01359-BAM<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR CIVIL SUBPOENAS WITHOUT PREJUDICE<br><br>(ECF No. 18)<br><br>ORDER GRANTING FOURTH MOTION FOR EXTENSION OF TIME TO SUBMIT FIRST AMENDED COMPLAINT<br><br>(ECF No. 20)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 16, 2025, the Court issued a screening order finding that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983.  (ECF No. 11.)  Plaintiff was directed to file an amended complaint or a notice of voluntary dismissal within thirty days.  (*Id.*)

On November 25, 2025, the Court partially granted Plaintiff's request for an extension of time and directed him to file a first amended complaint curing the deficiencies identified by the Court's October 16, 2025 screening order or file a notice of voluntary dismissal within thirty

1

days.  (ECF No. 13.)

On January 7, 2026, the Court granted Plaintiff's second request for an extension of time and directed him to file a first amended complaint curing the deficiencies identified by the Court's October 16, 2025 screening order or file a notice of voluntary dismissal within thirty days.  (ECF No. 15.)  The Court also advised Plaintiff that any request for a subpoena in this action to identify John or Jane Doe defendants was premature. (*Id.*)

On January 15, 2026, the Court denied Plaintiff's third request for an extension of time without prejudice.  (ECF No. 17.)  The Court also denied Plaintif's request for subpoenas in this action to identify John or Jane Doe as premature.  (*Id.*)

Currently before the Court are the following motions: (1) Plaintiff's request for three copies of civil subpoenas/subpoenas deuces tecum forms, filed on January 16, 2026, (ECF No. 18); and (2) Plaintiff's request for a 30-day extension of time to submit a first amended complaint, filed February 17, 2026, (ECF No. 20).  In his request for subpoenas, Plaintiff explains that he is requesting them in an attempt to comply with the Court's orders to serve process on defendants.  Plaintiff contends that because no discovery scheduling order has yet been issued, he needs a Court process/form(s) to get that done.  (ECF No. 18.)  In his request for an extension of time, Plaintiff asserts that good cause exists because he has now gained the assistance and expertise of another person with practical experience in litigation 1983 actions.  Plaintiff explains that they are still in the process of curing the stated deficiencies in the complaint, and the person helping him believes an additional thirty days will be sufficient to address and cure the deficiencies.  (ECF No. 20.)

As to the request for subpoenas, Plaintiff does not explain why he requires a subpoena to comply with the Court's orders.  However, as the Court repeatedly has informed Plaintiff, any request for a subpoena in this action to identify John or Jane Doe defendants is premature.  If Plaintiff wishes to name unknown personnel as defendants in any amended complaint, and does not yet know their names, then he may name them as John Doe 1, John Doe 2, and so forth.  (ECF No. 11 at 7; ECF No. 15 at 2.)  It will only be necessary to identify a doe defendant as an actual individuals for purposes of service, but service has not been directed for any defendants, much

2

less a doe defendant.  The Court will not direct service unless and until Plaintiff has been found to have stated a cognizable claim.  Plaintiff has not been found to have stated a cognizable claim against any defendant, and he has not yet filed an amended complaint.

Notwithstanding the foregoing, the Court finds good cause to grant Plaintiff a final extension of time to file a first amended complaint. Fed. R. Civ. P. 6(b).  The Court finds an additional thirty days is reasonable given the prior extensions of time.  Plaintiff is advised that no further extensions of time will be granted absent a demonstrated showing of good cause, which will be narrowly construed.

Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's request for subpoenas, (ECF No. 18), is DENIED without prejudice.

2.      Plaintiff's fourth motion for extension of time, (ECF No. 20), is GRANTED;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's October 16, 2025 screening order (or file a notice of voluntary dismissal);

4.      No further extensions of time will be granted absent a demonstrated showing of good cause, which will be narrowly construed; and

5.    **If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order.**

IT IS SO ORDERED.

Dated:    **February 21, 2026**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE