# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ, | Case No. 1:23-cv-1359-BAM (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM |
| v. | ORDER DENYING REQUEST FOR COUNSEL |
| M. FIORELLA, *et al.*, | |
| Defendants. | (ECF No. 22) |

Plaintiff Jaime Cesar Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed March 23, 2026, is currently before the Court for screening. (ECF No. 22.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.        Plaintiff's Allegations

Plaintiff is currently housed at California State Prison in Lancaster, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California City State Prison in Kern County. Plaintiff names as defendants: (1) M. Fiorella, correctional officer, and (2) J. Huff, correctional officer.

In claim1, Plaintiff alleges excessive force in violation of the Eight Amendment. Plaintiff alleges on 4-25-23, Plaintiff was slammed to the floor of the Treatment and Triage Area at California City Prison by Defendant Fiorella. Plaintiff was laying on the gurney in mechanical waist restraints and leg irons (shackles). Once on the floor, Plaintiff was physically struck on the left side of the face/head three times by Defendant Fiorella, and then was flipped over at which point Plaintiff kept hearing "stop resisting" and felt Fiorella put a knee on Plaintiff's neck. Then, Plaintiff felt an enormous weight on his lower back caused by morbidly obese correctional officer Huff (Plaintiff believes the person to be Huff) who had jumped on Plaintiff's lower back. Thereafter, Plaintiff blacked out. Plaintiff was transported to an outside hospital.

Plaintiff's injuries as a result of Fiorella and Huff's actions, fractured lower lumbar bones at L-4 and L-5, continuous dull throbbing at those locations, continuous neck pain, surgery and

post op on L-4 and L-5 and pain and suffering, bruises, contusions, and lacerations and nerve damage in that 2 of his fingers go numb.

As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff also seeks appointment of counsel.

**III.    Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners with limited education, no legal training, and limited law library access.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's  first amended complaint has been screened, but no defendants have appeared in the action.  The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits.  Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's request for appointment of counsel, (ECF No. 22), is HEREBY DENIED without prejudice.

////

3

**IV.    Discussion**

**Eight Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants M. Fiorella and J. Huff.

**V.     Conclusion and Order**

Plaintiff's request for appointment of counsel, (ECF No. 22), is HEREBY DENIED without prejudice.

4

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against the Defendants M. Fiorella and J. Huff for violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED as follows:

1.  This action shall proceed on Plaintiff's first amended complaint, filed on March 23, 2026, against Defendants M. Fiorella and J. Huff for excessive force in violation of the Eighth Amendment, and

2.  A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:    **April 1, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE